# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**        **2. PLEASE TYPE OR PRINT**        **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| CATHERINE KASSENOFF, | U.S.D.C. N.Y. | Karas, J. |
| v. | **Date the Order or Judgment Appealed from was Entered on the Docket:** 3/28/2023 | **District Court Docket No.:** 7:22-cv-02162-KMK |
| ALLAN KASSENOFF, CONSTANTINE G. DIMOPOULOS, AND DIMOPOLOUS BRUGGEMANN PC | **Date the Notice of Appeal was Filed:** 4/26/2023 | **Is this a Cross Appeal?** ☐ Yes  ☑ No |

| **Attorney(s) for Appellant(s):** ☑ Plaintiff ☐ Defendant | Counsel's Name:        Address:        Telephone No.:        Fax No.:        E-mail: <br> Harold R. Burke, P.O. Box 4078,  203-219-2301   203-413-4443 hrb@burke-legal.com <br> Greenwich, CT 06831 |
|---|---|
| **Attorney(s) for Appellee(s):** ☐ Plaintiff ☑ Defendant | Counsel's Name:        Address:        Telephone No.:        Fax No.:        E-mail: <br> Allan Kassenoff, 161 Beach Avenue    (917) 623-8353        kassenoffa@gtlaw.com <br> Larchmont, NY 10538 <br> Lisa L.Shrewsberry, Seven Skyline Dr. (212) 269-0927 (914) 347-8898 <br> Hawthorne, NY 10532,        lshrewsberry@traublieberman.com |

| Has Transcript Been Prepared? <br> no | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No <br><br> If Yes, provide the following: <br><br> Case Name: <br><br> 2d Cir. Docket No.:        Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND  (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party <br> ☑ Federal question (U.S. not a party) | ☐ Diversity <br> ☐ Other (specify): _____ | ☑ Final Decision <br> ☐ Interlocutory Decision Appealable As of Right | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) <br> ☐ Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C**  (Rev. October  2016)

**PART B:   DISTRICT  COURT DISPOSITION   (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|

**1. Stage of Proceedings**
- [x] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [x] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal

- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**
- [ ] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [x] Denied

---

**PART C:  NATURE OF SUIT   (Check as many as apply)**

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright ☐ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax
- [x] Other (specify): Wire Tap Act

**2. Torts**
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**
- [ ] Yes   [x] No

Will appeal raise a matter of first impression?
- [x] Yes   [ ] No

---

1.  Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____    [x] No

2.  To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)   Arises from substantially the same case or controversy as this appeal?          [ ] Yes   [x] No

    (B)   Involves an issue that is substantially similar or related to an issue in this appeal?   [ ] Yes   [x] No

If yes, state whether  ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|

Name of Appellant:

| Date: 05/11/2023 | Signature of Counsel of Record: /s/ Harold R. Burke |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C**  (Rev. December 2016)

UNITED STATES COURT OF APPEALS
FOR THE
SECOND CIRCUIT

| | | |
|---|---|---|
| CATHERINE KASSENOFF | ) | |
| | ) | |
| PLAINTIFF - APPELLANT | ) | |
| | ) | |
| V. | ) | DOCKET NO. 23-725 |
| | ) | |
| ALLAN KASSENOFF, et al. | ) | |
| | ) | |
| | ) | |
| DEFENDANTS - APPELLEES | ) | May 11, 2023 |

**ADDENDUM "A" TO PREARGUMENT STATEMENT**

1. <u>Nature of the Action</u>:  This appeal follows the dismissal of the complaint filed against Defendants stemming from the interception and use of  Catherine Kassenoff's electronic communications pursuant to 18 U.S.C. §2510 et al., the Electronic Communications Privacy Act.

2. <u>Result Below</u>:  Motion to dismiss granted as to all defendants.

3. <u>Notice of Appeal and Docket Sheet</u>:   Attached

4. <u>Decision</u>:   Attached

CATHERINE KASSENOFF

By _____

Harold R. Burke (HB0149)
Law Offices of Harold R. Burke
P.O. Box 4078
Greenwich, CT 06831
Telephone:  (203) 219-2301
Facsimile:  (203) 413-4443
E-Mail:  hrb@burke-legal.com

CLOSED,APPEAL,ECF,PRO-SE

# U.S. District Court
## Southern District of New York (White Plains)
## CIVIL DOCKET FOR CASE #: 7:22-cv-02162-KMK

| | |
|---|---|
| Kassenoff v. Kasenoff et al | Date Filed: 03/15/2022 |
| Assigned to: Judge Kenneth M. Karas | Date Terminated: 03/28/2023 |
| Demand: $1,000,000 | Jury Demand: Plaintiff |
| Cause: 18:2511 Wiretapping - Injunctive Relief or Civil Fine | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Catherine Kassenoff**                          represented by   **Harold Ralph Burke**
Law Offices of Harold R. Burke
P.O. Box 4078
Greenwich, CT 06831
203-219-2301
Fax: 203-413-4443
Email: hrb@burke-legal.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Allan Kassenoff**                              represented by   **Allan Kassenoff**
161 Beach Ave.
Larchmont, NY 10538
917/623/8353
Email: kassenoffa@gtlaw.com
PRO SE

**Allan Andrew Kassenoff**
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
212-801-2157
Email: kassenoffa@gtlaw.com
*TERMINATED: 05/13/2022*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Constantine G Dimopoulos**                     represented by   **Lisa Lynn Shrewsberry**
Traub Lieberman Straus & Shrewsbury LLP
Seven Skyline Drive
Hawthorne, NY 10532
(212) 269-0927
Fax: (914) 347-8898
Email: lshrewsberry@traublieberman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dimopoulos Bruggemann PC**              represented by **Lisa Lynn Shrewsberry**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/15/2022 | 1 | **FILING ERROR - DEFICIENT PLEADING - FILED AGAINST PARTY ERROR -** COMPLAINT against All Defendants. (Filing Fee $ 402.00, Receipt Number ANYSDC-25866271)Document filed by Catherine Kassenoff..(Burke, Harold) Modified on 3/16/2022 (vf). (Entered: 03/15/2022) |
| 03/16/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Harold Ralph Burke to RE-FILE Document No. 1 Complaint. The filing is deficient for the following reason(s): the All Defendant radio button was selected. Re-file the pleading using the event type Complaint found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (vf)** (Entered: 03/16/2022) |
| 03/16/2022 | | **\*\*\*NOTICE TO ATTORNEY TO ELECTRONICALLY FILE CIVIL COVER SHEET. Notice to Attorney Harold Ralph Burke. Attorney must electronically file the Civil Cover Sheet. Use the event type Civil Cover Sheet found under the event list Other Documents. (vf)** (Entered: 03/16/2022) |
| 03/16/2022 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Kenneth M. Karas. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(vf) (Entered: 03/16/2022) |
| 03/16/2022 | | Magistrate Judge Judith C. McCarthy is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (vf) (Entered: 03/16/2022) |
| 03/16/2022 | | Case Designated ECF. (vf) (Entered: 03/16/2022) |
| 03/16/2022 | 2 | CIVIL COVER SHEET filed..(Burke, Harold) (Entered: 03/16/2022) |
| 03/16/2022 | 3 | COMPLAINT against Constantine G Dimopoulos, Dimopoulos Bruggemann PC, Allan Kasenoff. Document filed by Catherine Kassenoff..(Burke, Harold) (Entered: 03/16/2022) |
| 03/17/2022 | 4 | **FILING ERROR - DEFICIENT PLEADING - PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Allan Kassenoff, re: 3 Complaint. Document filed by Catherine Kassenoff..(Burke, Harold) Modified on 3/18/2022 (lal). (Entered: 03/17/2022) |
| 03/17/2022 | 5 | **FILING ERROR - DEFICIENT PLEADING - PDF ERROR -'As to'** - REQUEST FOR ISSUANCE OF SUMMONS as to Constatine Dimopoulos, re: 3 Complaint. Document filed by Catherine Kassenoff..(Burke, Harold) Modified on 3/18/2022 (lal). Modified on 3/18/2022 (lal). (Entered: 03/17/2022) |

| 03/17/2022 | 6 | **FILING ERROR - DEFICIENT PLEADING - PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Dimopoulos & Bruggemann PC, re: 3 Complaint. Document filed by Catherine Kassenoff..(Burke, Harold) Modified on 3/18/2022 (lal). (Entered: 03/17/2022) |
| --- | --- | --- |
| 03/18/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Harold Ralph Burke. The party information for the following party/parties has been modified: The information for the party/parties has been modified for the following reason/reasons: Allen Kasenoff - party name contained a typographical error party was modified to Allan Kassenoff. (gp)** Modified on 3/18/2022 (gp). (Entered: 03/18/2022) |
| 03/18/2022 | | **\*\*\*DELETED DOCUMENT. Deleted document number 7 REQUEST FOR ISSUANCE OF SUMMONS. The document was incorrectly filed in this case. Issued in error. (lal)** (Entered: 03/18/2022) |
| 03/18/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Harold Ralph Burke to RE-FILE Document No. 4 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct;caption on pdf must correspond to pleading caption; party name error. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (lal)** (Entered: 03/18/2022) |
| 03/18/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Harold Ralph Burke to RE-FILE Document No. 6 Request for Issuance of Summons,. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct;caption on pdf must correspond to pleading caption; party name error. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (lal)** (Entered: 03/18/2022) |
| 03/18/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Harold Ralph Burke to RE-FILE Document No. 5 Request for Issuance of Summons,. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct;party name error on docket entry 'as to' and on "to" field on pdf;caption on pdf must correspond to pleading caption; party name error. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (lal)** (Entered: 03/18/2022) |
| 04/20/2022 | 7 | REQUEST FOR ISSUANCE OF SUMMONS as to ALLAN KASSENOFF, re: 3 Complaint. Document filed by Catherine Kassenoff..(Burke, Harold) (Entered: 04/20/2022) |
| 04/20/2022 | 8 | **FILING ERROR - DEFICIENT PLEADING- DOCKET ENTRY - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to DIMOPOULOS BRUGGEMANN PC, re: 3 Complaint. Document filed by Catherine Kassenoff..(Burke, Harold) Modified on 4/21/2022 (lal). (Entered: 04/20/2022) |
| 04/20/2022 | 9 | **FILING ERROR - DEFICIENT PLEADING- DOCKET ENTRY - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to |

| | | |
|---|---|---|
| | | CONSTANTINE DIMOPOULOS, re: 3 Complaint. Document filed by Catherine Kassenoff..(Burke, Harold) Modified on 4/21/2022 (lal). (Entered: 04/20/2022) |
| 04/21/2022 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Harold Ralph Burke to RE-FILE Document No. 8 Request for Issuance of Summons, 9 Request for Issuance of Summons,. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; on docket entry AND pdf in the "To" field party name spelling must correspond precisely to pleading caption. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (lal) (Entered: 04/21/2022) |
| 04/21/2022 | 10 | ELECTRONIC SUMMONS ISSUED as to Allan Kassenoff..(lal) (Entered: 04/21/2022) |
| 04/21/2022 | 11 | REQUEST FOR ISSUANCE OF SUMMONS as to Dimopoulos Bruggemann PC, re: 3 Complaint. Document filed by Catherine Kassenoff..(Burke, Harold) (Entered: 04/21/2022) |
| 04/21/2022 | 12 | REQUEST FOR ISSUANCE OF SUMMONS as to Constantine G Dimopoulos, re: 3 Complaint. Document filed by Catherine Kassenoff..(Burke, Harold) (Entered: 04/21/2022) |
| 04/22/2022 | 13 | ELECTRONIC SUMMONS ISSUED as to Dimopoulos Bruggemann PC. (vf) (Entered: 04/22/2022) |
| 04/22/2022 | 14 | ELECTRONIC SUMMONS ISSUED as to Constantine G Dimopoulos. (vf) (Entered: 04/22/2022) |
| 05/12/2022 | 15 | NOTICE OF APPEARANCE by Allan Andrew Kassenoff on behalf of Allan Kassenoff.. (Kassenoff, Allan) (Entered: 05/12/2022) |
| 05/12/2022 | 16 | NOTICE of Consent to Electronic Service. Document filed by Allan Kassenoff.. (Kassenoff, Allan) (Entered: 05/12/2022) |
| 05/12/2022 | 17 | LETTER addressed to Judge Kenneth M. Karas from A. Kassenoff, dated 5/12/22 re: I am writing to request that you authorized the removal of two documents that I mistakenly filed in this case (Dkt. Nos. 15 and 16). Although I am a shareholder at the law firm of Greenberg Traurig LLP, I will be proceeding pro se. I will be sending both of those documents to the Pro Se Intake Unit for proper filing in this action. Document filed by Allan Kassenoff.(sc) (Entered: 05/12/2022) |
| 05/12/2022 | 18 | NOTICE OF APPEARANCE PRO SE by Allan Kassenoff. (sc) (Entered: 05/12/2022) |
| 05/12/2022 | 19 | PRO SE CONSENT TO RECEIVE ELECTRONIC SERVICE. The following party: Allen Kassenoff consents to receive electronic service via the ECF system. Document filed by Allan Kassenoff.(sc) (Entered: 05/12/2022) |
| 05/12/2022 | 20 | NOTICE OF PRO SE APPEARANCE by Constantine G Dimopoulos. (sc) (Entered: 05/13/2022) |
| 05/12/2022 | 21 | PRO SE CONSENT TO RECEIVE ELECTRONIC SERVICE. The following party: Constantine Dimopoulos consents to receive electronic service via the ECF system. Document filed by Constantine G Dimopoulos.(sc) (Entered: 05/13/2022) |
| 05/12/2022 | 22 | LETTER from Allen Kassenoff, Esq., and Gus Dimopoulos, Esq. dated 5/12/22 re: I am writing to follow up to my 4/9/22 letter and pursuant to the Individual Rules of Practice of the Hon. Kenneth M. Karas. Specifically, with the Court's permission, the defendants will file a motion to dismiss the Complaint you filed on behalf of Ms. Catherine Kassenoff etc. |

Case 23-725, Document 11, 05/11/2023, 3514073, Page8 of 33

|  |  | Finally, as indicated in my 4/9/22 letter, we request that you immediately dismiss the Complaint with prejudice. Should you fail to do so and should the Court permit us to file and ultimately grant our motion to dismiss, we will request sanctions and attorney's fees from you and your client. Document filed by Constantine G. Dimopoulos, Allan Kassenoff.(sc) Modified on 5/13/2022 (sc). (Entered: 05/13/2022) |
|---|---|---|
| 05/13/2022 | 23 | MEMO ENDORSEMENT on re: 17 Letter request authorization for removal of two documents that I mistakenly filed in this case (Dkt. Nos. 15 and 16), filed by Allan Kassenoff. ENDORSEMENT : Both requests are granted. So Ordered. (Signed by Judge Kenneth M. Karas on 5/13/22) (yv) (Entered: 05/13/2022) |
| 05/16/2022 |  | Mailed a copy of 23 Memo Endorsement to Constantine G Dimopoulos at 73 Main Street, Tuckahoe, NY 10707. (kh) (Entered: 05/16/2022) |
| 05/24/2022 | 24 | NOTICE OF APPEARANCE PRO SE by Dimopoulos Bruggemann PC. (sc) (Entered: 05/24/2022) |
| 05/25/2022 | 25 | ENDORSED LETTER addressed to Messrs, Kassenoff and Dimopoulos from Harold R. Burke dated 5/19/22 re: response to your joint letter dated May 12, 2022. ENDORSEMENT: The Court will hold a pre-motion conference on 6/15/22, at 10:30. So Ordered., ( Pre-Motion Conference set for 6/15/2022 at 10:30 AM before Judge Kenneth M. Karas.) (Signed by Judge Kenneth M. Karas on 5/25/22) (yv) (Entered: 05/25/2022) |
| 05/26/2022 |  | MAILING RECEIPT: Document No: 25. Mailed to: DimopoulosBruggemannPC 73 Main Steet Tuckahoe, NY 10707. (dsh) (Entered: 05/26/2022) |
| 06/13/2022 | 26 | NOTICE OF TELECONFERENCE INFORMATION. For the week of June 13, 2022, the Court will hold all civil conferences, hearings, and/or oral arguments in this matter by telephone. Counsel shall call the following number at the designated time: Meeting Dial-In Number (USA toll-free): (888) 363-4749 Access Code: 7702195. Please enter the conference as a guest by pressing the pound sign (#). SO ORDERED. (Signed by Judge Kenneth M. Karas on 6/13/22) (yv) (Entered: 06/14/2022) |
| 06/15/2022 |  | MAILING RECEIPT: Document No: 26. Mailed to: DimopoulosBruggemannPC 73 Main Steet Tuckahoe, NY 10707. (kh) (Entered: 06/15/2022) |
| 06/15/2022 |  | Minute Entry for proceedings held before Judge Kenneth M. Karas: Pre-Motion Conference held on 6/15/2022. Harold Burke appeared on behalf of Plaintiff. Pro se Defendant Allan Kassenoff appeared on behalf of himself. Pro se Defendant Constantine Dimopoulos appeared on behalf of himself and Defendant Dimopoulos Bruggemann PC. The Court adopted a briefing schedule. See Order. Defendants shall file their Motion To Dismiss by July 1, 2022. Plaintiff shall respond by August 15, 2022. Defendant's shall reply by September 15, 2022. (JMG) (Entered: 06/15/2022) |
| 06/15/2022 | 27 | ORDER: At the Conference on June 15, 2022, the Court adopted the following schedule: Defendants shall file their Motion To Dismiss by July 1, 2022. Plaintiff shall respond by August 15, 2022. Defendants shall reply by September 15, 2022. ( Motions due by 7/1/2022., Responses due by 8/15/2022, Replies due by 9/15/2022.) (Signed by Judge Kenneth M. Karas on 6/15/2022) (ate) (Entered: 06/15/2022) |
| 06/16/2022 |  | MAILING RECEIPT: Document No: 27. Mailed to: DimopoulosBruggemannPC 73 Main Steet Tuckahoe, NY 10707. (kh) (Entered: 06/16/2022) |
| 07/01/2022 | 28 | NOTICE OF MOTION, to Dismiss the plaintiff's Complaint purs. to Fed.R.Civ.P. 120(b) (6). Document filed by Allan Kassenoff..(sc) (Entered: 07/05/2022) |
| 07/01/2022 | 29 | LETTER addressed to Judge Kenneth M. Karas from A. Kassenoff, dated 7/1/22 re: I am writing purs. to Rule IX of His Honor's Individual Rules of Practice in order to seek approval to publicly file limited redactions in connection with Defendants' briefing on its |

| | | currently filed Motion to Dismiss. Document filed by Constantine G Dimopoulos, Allan Kassenoff.(sc) (Entered: 07/05/2022) |
|---|---|---|
| 07/01/2022 | 30 | DECLARATION of Allen Kassenoff in Support of re: 28 MOTION to Dismiss. Document filed by Constantine G Dimopoulos, Allan Kassenoff. (Attachments: # 1 Exhibit 1)(sc) (Entered: 07/05/2022) |
| 07/01/2022 | 31 | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED.R.CIV.P 12 (b)(6), re: 28 MOTION to Dismiss. Document filed by Constantine G Dimopoulos, Allan Kassenoff. (Attachments: # 1 Exhibit 1, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 4, # 9 Exhibit 5, # 10 Exhibit 5, # 11 Exhibit 1, # 12 Exhibit 1, # 13 Exhibit 1, # 14 Exhibit 1, # 15 Exhibit 1, # 16 Exhibit 1, # 17 Exhibit 1, # 18 Exhibit 1, # 19 Exhibit 1, # 20 Exhibit 1, # 21 Exhibit 1, # 22 Exhibit 1).(sc) (Entered: 07/05/2022) |
| 07/08/2022 | 32 | MEMO ENDORSEMENT on re: 29 Letter, filed by Constantine G Dimopoulos, Allan Kassenoff. ENDORSEMENT: The Court agrees with Defendant's claims herein and approves the filing of redacted versions of the submissions related to the Motion to Dismiss. SO ORDERED. (Signed by Judge Kenneth M. Karas on 7/8/2022) (jca) (Entered: 07/08/2022) |
| 07/11/2022 | | Mailed a copy of 32 Memo Endorsement, to Dimopoulos Bruggemann PC 73 Main Steet Tuckahoe, NY 10707. (dsh) (Entered: 07/11/2022) |
| 08/15/2022 | 33 | ENDORSED LETTER re: 28 MOTION to Dismiss. filed by Allan Kassenoff addressed to Judge Kenneth M. Karas from Harold R. Burke dated 8/15/22 re: requesting an extension of time which to respond to the Defendants' motion to dismiss, through and including Friday, August 19, 2022. ENDORSEMENT: Granted. So Ordered., Set Deadlines/Hearing as to 28 MOTION to Dismiss. :( Responses due by 8/19/2022) (Signed by Judge Kenneth M. Karas on 8/15/22) (yv) (Entered: 08/15/2022) |
| 08/16/2022 | | MAILING RECEIPT: Document No: 33. Mailed to: DimopoulosBruggemannPC 73 Main Steet Tuckahoe, NY 10707. (kh) (Entered: 08/16/2022) |
| 08/20/2022 | 34 | MEMORANDUM OF LAW in Opposition re: 28 MOTION to Dismiss. . Document filed by Catherine Kassenoff..(Burke, Harold) (Entered: 08/20/2022) |
| 08/20/2022 | 35 | AFFIDAVIT of Catherine Kassenoff in Support re: 28 MOTION to Dismiss.. Document filed by Catherine Kassenoff..(Burke, Harold) (Entered: 08/20/2022) |
| 08/22/2022 | 36 | **Vacated as per Judge's Order dated 01/19/2023, Doc. # 43** ***SELECTED PARTIES***AFFIRMATION of CATHERINE KASSENOFF in Opposition re: 28 MOTION to Dismiss.. Document filed by Catherine Kassenoff. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit)Motion or Order to File Under Seal: 32 .(Burke, Harold) Modified on 2/28/2023 (yv). (Entered: 08/22/2022) |
| 08/23/2022 | 37 | LETTER addressed to Judge Kenneth M. Karas from A. Kassenoff, dated 8/23/22 re: We are writing to request a 4-day extension by which to submit our reply papers to the Defendants' pending Motion to Dismis; and that the Court strike the Evidentiary Supplement to Affidavit of Catherine Kassenoff(Dkt. 36). Additionally, despite having six weeks to prepare and file an opposition to Defendants' Motion to Dismiss and then being granted a 4-day extension, Plaintiff failed to file her opposition brief until 8/20/22, one day after the permitted extension etc. Document filed by Allan Kassenoff.(sc) (Entered: 08/23/2022) |
| 09/15/2022 | 38 | DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED.R.CIV.P. 12(b)(6), Re: to Response to Motion |

| | | |
|---|---|---|
| | | re: 28 MOTION to Dismiss. Document filed by Constantine G Dimopoulos, Dimopoulos Bruggemann PC, Allan Kassenoff. (sc) Modified on 9/15/2022 (sc). (Entered: 09/15/2022) |
| 09/15/2022 | 39 | DECLARATION of Allan Kassenoff in Support of re: 38 Reply to Response to Motion. Document filed by Allan Kassenoff. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(sc) (Entered: 09/15/2022) |
| 11/14/2022 | 40 | MEMO ENDORSEMENT on re: 37 Letter, filed by Allan Kassenoff. ENDORSEMENT: Both applications are granted. So Ordered. ( Replies due by 9/19/2022.) (Signed by Judge Kenneth M. Karas on 11/14/2022) (va) (Entered: 11/15/2022) |
| 11/15/2022 | | Mailed a copy of 40 Memo Endorsement, Set Deadlines to Dimopoulos Bruggemann PC at 73 Main Steet Tuckahoe, NY 10707. (dsh) (Entered: 11/15/2022) |
| 11/17/2022 | 41 | LETTER addressed to Judge Kenneth M. Karas from Harold R. Burke dated 11/9/2022 re: Pending appellate decision. Document filed by Catherine Kassenoff..(Burke, Harold) (Entered: 11/17/2022) |
| 01/13/2023 | 42 | LETTER addressed to Judge Kenneth M. Karas from A. Kassenoff, dated 1/13/23 re: Today I checked the docket and noticed that the stricken documents(Dkt. 36) are still included. Accordingly, I request that those materials be removed from the docket pursuant to the Court's 11/14/22 ruling. Document filed by Allan Kassenoff.(sc) (Entered: 01/17/2023) |
| 01/19/2023 | 43 | MEMO ENDORSEMENT on re: 42 Letter stricken documents(Dkt. 36), filed by Allan Kassenoff. ENDORSEMENT: Granted. The Court respectfully directs the Clerk of Court to strike Dkt. No. 36 from the docket but retain the summary docket text for the record. SO ORDERED. (Signed by Judge Kenneth M. Karas on 1/19/23) (yv) (Entered: 01/19/2023) |
| 01/20/2023 | | MAILING RECEIPT: Document No: 43. Mailed to: DimopoulosBruggemannPC 73 Main Steet Tuckahoe, NY 10707. (dsh) (Entered: 01/20/2023) |
| 02/17/2023 | 44 | LETTER addressed to Judge Kenneth M. Karas from Allan Kassenoff and Gus Demopoulos, dated 2/17/23 re: We are writing to update the Court as to the plaintiff's state court appeal which is pertinent to the defendants' pending motions to dismiss etc. The Appellate Division, Second Department just issued the attached decision(as indicated),affirming Justice Koba's 7/11/20 Decision & Order denying Ms. Kassenoff's motion. Specifically, the Second Department held that Ms. Kassenof failed to establish that an attorney-client relationship existed between her and Ms. Monaco. Document filed by Constantine G Dimopoulos, Allan Kassenoff. (Attachments: # 1 Exhibit 1)(sc) (Entered: 02/17/2023) |
| 03/27/2023 | 45 | OPINION AND ORDER re: 28 MOTION to Dismiss. filed by Allan Kassenoff. For the above reasons, the Court grants Defendants' Motion To Dismiss. The Clerk of Court is respectfully requested to terminate the pending Motion. (See Dkt. No 28.) SO ORDERED. (Signed by Judge Kenneth M. Karas on 3/27/2023) (tg) Transmission to Orders and Judgments Clerk for processing. (Entered: 03/27/2023) |
| 03/28/2023 | 46 | CLERK'S JUDGMENT re: 45 Memorandum & Opinion in favor of Dimopoulos Bruggemann PC, Allan Kassenoff, Constantine G Dimopoulos against Catherine Kassenoff. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated March 27, 2023, Defendants' motion to dismiss is granted; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 3/28/2023) (Attachments: # 1 Appeal Package) (km) (Entered: 03/28/2023) |
| 03/28/2023 | | MAILING RECEIPT: Document No: 45,46. Mailed to: DimopoulosBruggemannPC 73 Main Steet Tuckahoe, NY 10707. (ok) (Entered: 03/28/2023) |

| 03/28/2023 | 47 | LETTER addressed to Judge Kenneth M. Karas from A. Kassenoff dated 3/28/23 re: We write pursuant to the Individual Rules of Practice of the Hon. Kenneth M. Karas in order to request a pre-motion conference in anticipation of filing a motion for sanctions under 28:1927 etc. Plaintiff brought this suit in bad faith in order to exact revenge upon Mr. Kassenoff and Mr. Dimopolous as a result of her losing custody of her children in the pending Matrimonial action. Document filed by Allan Kassenoff.(sc) (Entered: 03/29/2023) |
|---|---|---|
| 03/29/2023 | 48 | MEMO ENDORSEMENT on re: 47 Letter,, filed by Allan Kassenoff. ENDORSEMENT Plaintiff is to respond to this letter by 4/5/23. SO ORDERED. (Signed by Judge Kenneth M. Karas on 3/29/2023) (jca) (Entered: 03/29/2023) |
| 03/30/2023 | | MAILING RECEIPT: Document No: 48. Mailed to: DimopoulosBruggemannPC 73 Main Steet Tuckahoe, NY 10707. (kh) (Entered: 03/30/2023) |
| 04/03/2023 | 49 | NOTICE OF APPEARANCE by Lisa Lynn Shrewsberry on behalf of Constantine G Dimopoulos, Dimopoulos Bruggemann PC..(Shrewsberry, Lisa) (Entered: 04/03/2023) |
| 04/05/2023 | 50 | LETTER addressed to Judge Kenneth M. Karas from A. Kassenoff, dated 4/5/23 re: I write to follow-up on Defendants' 3/28/23 pre-motion conference letter etc. Accordingly, I respectfully request that any pre-motion conference ordered by the Court not take place until next week due to my observance of Passover. Additionally, I request that the deadline for a motion for sanctions be extended to ten days after the Court gives permission to file such motion. Document filed by Allan Kassenoff.(sc) (Entered: 04/05/2023) |
| 04/06/2023 | 51 | MEMO ENDORSEMENT on re: 50 Letter request that any pre-motion conference ordered by the Court not take place until next week due to my observance of Passover. Additionally, I request that the deadline for a motion for sanctions be extended, filed by Allan Kassenoff. ENDORSEMENT: Granted. The Sanctions Motion deadline is extended 1O days after the Court gives permission for such a motion. So Ordered. (Signed by Judge Kenneth M. Karas on 4/5/23) (yv) (Entered: 04/06/2023) |
| 04/26/2023 | 52 | LETTER addressed to Judge Kenneth M. Karas from Allan Kassenoff, dated 4/26/23 re: The Court, however, has not set a date for a pre-motion conference -likely because Plaintiff is in violation of the Court's Order to respond to Defendants' pre-motion conference letter by 4/5/23. Accordingly, the defendants request that the Court waive the requirement for a pre-motion conference and grant them permission to file their motion. Document filed by Allan Kassenoff.(sc) (Entered: 04/26/2023) |
| 04/26/2023 | 53 | NOTICE OF APPEAL from 46 Clerk's Judgment,. Document filed by Catherine Kassenoff. Filing fee $ 505.00, receipt number ANYSDC-27662008. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Burke, Harold) Modified on 4/27/2023 (nd). (Entered: 04/26/2023) |
| 04/27/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 53 Notice of Appeal,..(nd) (Entered: 04/27/2023) |
| 04/27/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 53 Notice of Appeal filed by Catherine Kassenoff were transmitted to the U.S. Court of Appeals..(nd) (Entered: 04/27/2023) |
| 05/02/2023 | 54 | MEMO ENDORSEMENT on re: 52 Letter, filed by Allan Kassenoff. ENDORSEMENT: Plaintiff is to respond to this letter by May 10, 2023. SO ORDERED. (Signed by Judge Kenneth M. Karas on 5/2/2023) (vfr) (Entered: 05/02/2023) |
| 05/11/2023 | 55 | LETTER addressed to Judge Kenneth M. Karas from Harold R. Burke dated May 10, 2023 re: pre-motion conference. Document filed by Catherine Kassenoff..(Burke, Harold) (Entered: 05/11/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/11/2023 10:52:32 | | | |
| **PACER Login:** | hrburkelaw | **Client Code:** | CK |
| **Description:** | Docket Report | **Search Criteria:** | 7:22-cv-02162-KMK |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CATHERINE KASSENOFF, | ) | |
| PLAINTIFF | ) | |
| | ) | |
| V. | ) | 22 CIV 2162 (KMK) |
| | ) | |
| ALLAN KASSENOFF, | ) | |
| CONSTANTINE G. DIMOPOULOS, AND | ) | |
| DIMOPOULOS BRUGGEMANN PC | ) | |
| | | |
| DEFENDANTS | ) | APRIL 26, 2023 |

## NOTICE OF APPEAL

Notice is hereby given that Catherine Kassenoff, plaintiff in the above captioned case,

hereby appeals to the United States Court of Appeals for the Second Circuit from the order

entered in this action on March 28, 2023 granting Defendants Allen Kassenoff, Constantine G.

Dimopoulos, and Dimopoulos Bruggemann, P.C.'s motion to dismiss.

CATHERINE KASSENOFF

By _____
       Harold R. Burke (HB0149)
       Law Offices of Harold R. Burke
       P.O. Box 4078
       Greenwich, CT 06830
       Telephone: (203) 219-2301
       Facsimile: (203) 413-4443
       E-Mail: hrb@burke-legal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHERINE KASSENOFF,

                Plaintiff,

    v.

ALLAN KASSENOFF,
CONSTANTINE G. DIMOPOULOS, AND
DIMOPOULOS BRUGGEMANN PC,

                Defendants.

No. 22-CV-2162 (KMK)

OPINION & ORDER

Appearances:

Harold R. Burke, Esq.
Harold R. Burke, LLC
Greenwich, CT
*Counsel for Plaintiff*

Allan Kassenoff, Esq.
Larchmont, NY
*Pro Se Defendant*

Gus Dimopoulos, Esq.
Dimopoulos Bruggemann, P.C.
Tuckahoe, NY
*Pro Se Defendant*

KENNETH M. KARAS, United States District Judge:

Catherine Kassenoff ("Plaintiff") brings this lawsuit, pursuant to the Electronics

Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510, *et. seq.*; the Stored

Communications Act ("SCA"), 18 U.S.C. §§ 2701, *et seq.*; N.Y. Penal Law § 250; and New

York common law against Allan Kassenoff ("Mr. Kassenoff"), Constantine G. Dimopoulos

("Dimopoulos"), Dimopoulos Bruggemann PC ("the Firm" and collectively, "Defendants"),

alleging unlawful interception, storage, access, and disclosure of Plaintiff's electronic

communications, trespass to chattels and prima facie tort. (*See generally* Compl. (Dkt. No. 3).)

In addition to compensatory, statutory, and punitive damages, (*see id.* at 17), Plaintiff has also

requested temporary and permanent injunctive relief pursuant to 18 U.S.C. § 2520(b) and 18

U.S.C. § 2707(b)), (*id.* at ¶¶ 66–82).[1]

Before the Court is Defendants' Motion to Dismiss the Complaint (the "Motion"). (*See*

Not. of Mot. (Dkt. No. 28).) For the following reasons, Defendants' Motion is granted.

## I. Background

### A. Materials Considered

As a threshold matter, the Court determines the proper treatment of pleadings, transcripts,

and court orders that Defendants have requested the Court consider in deciding this Motion. (*See*

Defs' Mem. of Law in Supp. of Mot. To Dismiss ("Defs' Mem.") (Dkt. No. 31); Decl. of Allan

Kassenoff, Esq. ("Kassenoff Reply Decl.") (Dkt. No. 39).)

Generally, "[w]hen considering a motion to dismiss, the Court's review is confined to the

pleadings themselves," because "[t]o go beyond the allegations in the Complaint would convert

the Rule 12(b)(6) motion into one for summary judgment pursuant to [Rule] 56." *Thomas v.*

*Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002).

"Nevertheless, the Court's consideration of documents attached to, or incorporated by reference

in the Complaint, and matters of which judicial notice may be taken, would not convert the

motion to dismiss into one for summary judgment." *Id.*; *see also Bellin v. Zucker*, 6 F.4th 463,

473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to dismiss," courts

may "consider the complaint in its entirety . . . , documents incorporated into the complaint by

reference, and matters of which a court may take judicial notice" (quotation marks omitted)); *Hu*

---

[1] The Court cites to the ECF-stamped page number at the upper right-hand corner of all documents unless otherwise noted.

*v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which judicial notice may be taken.'" (alteration omitted) (quoting *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993))).

As relevant here, the Court may take judicial notice of state court orders, testimony, and other matters of public record. *See Johnson v. Pugh*, No. 11-CV-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) ("A court may take judicial notice of matters of public record, including pleadings, testimony, and decisions in prior state court adjudications, on a motion pursuant to Rule 12(b)(6)." (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000))).

Thus, the Court will consider the court filings and decisions Defendants have submitted in adjudicating their Motion To Dismiss.

### B. Factual Background

The following facts are taken from the Complaint and the exhibits attached thereto and are assumed to be true for purposes of resolving the instant Motion. *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

At all times relevant to this proceeding, Plaintiff has owned and used an Apple iPhone with the number (917) 836-5200 (the "iPhone"). (Compl. ¶ 10.) Plaintiff transmitted text and email messages from the iPhone, which was password protected. (*Id.* ¶¶ 10–11.) Plaintiff did not share her password with Mr. Kassenoff, nor did she allow him direct access to the iPhone. (*Id.* ¶ 12.)

Plaintiff and Mr. Kassenoff also jointly owned and operated a MacBook Pro laptop ("the Laptop") beginning some time before 2016. (*Id.* ¶ 14.) For the laptop, Plaintiff and Mr. Kassenoff "established separate user accounts that were separately password protected." (*Id.*)

3

In order to utilize these devices fully, Plaintiff was required to create an Apple ID and password, separate from the iPhone and laptop passwords she utilized. (*Id.* ¶ 15.) In 2016, Mr. Kassenoff asked Plaintiff for, and she provided, her Apple ID and password for the express purpose of purchasing a song through the iTunes store on the laptop. (*Id.* ¶ 16.) Without Plaintiff's knowledge, Mr. Kassenoff used Plaintiff's Apple ID and password to track the location of Plaintiff's iPhone by activating the "Find My iPhone" application on the laptop. (*Id.* ¶ 17.) Similarly, Mr. Kassenoff used Plaintiff's Apple ID and password to "sync" Plaintiff's iPhone with the laptop, a process which allowed Mr. Kassenoff to intercept copies of Plaintiff's text and email messages as they were sent and received over the course of the next several years. (*Id.* ¶¶ 19–20.)[2]

Plaintiff always considered these text and email communications to be private and their contents confidential. (*Id.* ¶ 22.) From 2016 to May 2019, Mr. Kassenoff intercepted Messages between Plaintiff and her attorney, Cynthia Monaco, Esq. (the "Monaco Messages"), that "discussed matrimonial litigation strategy, domestic abuse, and related issues and concerns." (*Id.* ¶¶ 22, 24.)

In May 2019, Mr. Kassenoff filed a divorce action against Plaintiff, *Allan Kassenoff v. Catherine Kassenoff*, No. 58217/2019 (the "Divorce Action"), in Supreme Court, Westchester County ("County Court"). (*Id.* ¶ 8.) Dimopoulos and the Firm represented Mr. Kassenoff in that action. (*Id.*) Immediately after the Divorce Action was filed, Defendants attached screenshots of

---

[2] Plaintiff alleges that "[i]t remains unclear how many private, confidential or privileged communications Defendant and Dimopoulos have accessed and/or intercepted, used or disclosed; Plaintiff is only aware of those electronic communications that have been published and shared with the court and third parties associated with the Divorce Action on an ongoing and continuing basis. Accordingly, the full extent and timing of Defendant's and/or Dimopoulos' disclosure of Plaintiff's electronic communications is not known." (Compl. ¶ 36.)

4

several of the Monaco Messages to an order to show cause filed with the County Court seeking

to exclude Plaintiff from the marital home and grant Mr. Kassenoff temporary custody of

Plaintiff and Mr. Kassenoff's children. (*Id.* ¶¶ 25–26.)[3]  In Plaintiff's opposition to the order to

show cause, she informed Dimopoulos that the Monaco Messages were attorney-client

communications that Mr. Kassenoff had obtained without Plaintiff's consent. (*Id.* ¶ 28.)

Dimopoulos did not withdraw the Monaco Messages. (*Id.* ¶ 29.)  On or about March 27, 2020,

Defendants obtained the order from the County Court. (*Id.* ¶ 35.)

C.  Procedural History

Plaintiff filed her Complaint on March 15, 2022. (*See* Compl. (Dkt. No. 1).)  On May 12,

2022, Defendants submitted a letter requesting to file a Motion To Dismiss. (*See* Letter from

Allen Kassenoff, Esq. to Court (May 12, 2022) (Dkt. No. 22).)  At a conference held on June 15,

2022, the Court granted Defendants' request and set a briefing schedule. (*See* Dkt. (minute entry

for June 15, 2022).)  On July 1, 2022, Defendants filed their Motion to Dismiss and

accompanying papers. (*See* Not. of Mot.; Defs' Mem.; Decl. of Alan Kassenoff ("Kassenoff

Decl.") (Dkt. No. 30).)  On August 20, 2022, Plaintiff filed her response and accompanying

papers. (*See* Pl's Mem. of Law in Opp'n to Mot. To Dismiss ("Pl's Opp'n") (Dkt. No. 34).)  On

September 15, 2022, Defendants filed their Reply. (*See* Defs' Reply (Dkt. No. 38); Kassenoff

Reply Decl.)

---

[3] Defendants also disclosed some or all of the Monaco Messages on other occasions,
including: (1) in a response to Child Protective Services in Summer 2019; (2) in submissions in
the Divorce Action on or about September 6, 2019 and on or about March 16, 2020; (3) in a
submission to Dr. Marc Abrams ("Abrams"), the court-appointed custody evaluator in the
Divorce Action. (*See* Compl. ¶¶ 30–33.)  Plaintiff alleges that Abrams relied on the Monaco
messages when making his recommendation to the County Court that it grant Mr. Kassenoff the
relief he requested in the order to show cause. (*Id.* ¶ 34.)

II.  Discussion

A.  Standard of Review

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are 'substantively identical.'" *Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2 (D. Conn. June 3, 2014) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003), *cert. denied*, 540 U.S. 1012 (2003)).

1.  Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (citation and quotation marks omitted).  "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and quotation marks omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question").

The Second Circuit has explained that a challenge to subject-matter jurisdiction pursuant to Rule 12(b)(1) may be facial or fact-based. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).  When a defendant raises a facial challenge to standing based solely on the complaint and the documents attached to it, "the plaintiff has no evidentiary burden" and a court must determine whether the plaintiff asserting standing "alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* (alterations omitted) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)).  In making such a

6

determination, a court must accept as true all allegations in the complaint and draw all inferences in the plaintiff's favor.  *Id.* at 57.  However, where a Rule 12(b)(1) motion is fact-based and a defendant proffers evidence outside the pleadings, a plaintiff must either come forward with controverting evidence or rest on the pleadings if the evidence offered by the defendant is immaterial.  *See Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 119 (2d Cir. 2017).  If the extrinsic evidence presented by the defendant is material and controverted, the Court must make findings of fact in aid of its decision as to standing.  *See Carter*, 822 F.3d at 57.

### 2.  Rule 12(b)(6)

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id*. (alteration and quotation marks omitted).  Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id*.; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the

7

reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation and quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

B. Analysis

Plaintiff brings claims pursuant to the SCA, ECPA, N.Y. Penal Law § 250, and New York common law. (*See generally* Compl.).

Defendant argues that Plaintiff's complaint must be dismissed under principles of res judicata because her claims have already been adjudicated by the County Court in the Divorce Action. (*See* Defs' Mem. 18–21; Defs' Reply 13–14.) Plaintiff argues that res judicata should not apply because no final judgment has been entered in the Divorce Action, the Matrimonial

Order does not bind Dimopoulos, and the Matrimonial Court may not provide the full measure of relief that Plaintiff seeks. (*See* Pl's Opp'n 11–14.)

"A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered." *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009) (alteration, citation, and quotation marks omitted)); *see also Yoon v. Fordham Univ. Fac. & Admin. Ret. Plan*, 263 F.3d 196, 200 (2d Cir. 2001) ("Under 28 U.S.C. § 1738, we are required to give to a state court judgment the same preclusive effect that it would have in a state court."). "Federal courts must use the res judicata doctrine of the state in which the state court judgment was granted." *Fequiere v. Tribeca Lending*, No. 14-CV-812, 2016 WL 1057000, at *5 (E.D.N.Y. Mar. 11, 2016) (italics omitted); *see also Barnes v. N.Y. State Div. of Human Rts.*, No. 14-CV-2388, 2016 WL 110522, at *6 (S.D.N.Y. Jan. 8, 2016) ("[W]here a federal court is considering the res judicata effect of a state court judgment, the federal court must afford the state court judgment the same preclusive effect it would have under the law of the state in which it was entered." (emphasis omitted)). Therefore, because the preclusive effect of a New York state court decision is asserted, the Court must consider New York's law of res judicata. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (noting that the court would apply "New York law in determining the preclusive effect of a New York State court judgment"). "In New York, res judicata . . . bars successive litigation based upon the 'same transaction or series of connected transactions' if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 894 N.E.2d 1, 12 (N.Y. 2008) (citations omitted).

9

New York courts have long held that a final judgment is not required for a decision or order to have preclusive effect.  *See, e.g., Slater v. Am. Mineral Spirits Co.*, 310 N.E.2d 300, 302 (N.Y. 1974) ("Although technical and historical distinctions might be drawn between final orders and final judgments, we find no occasion here to reach a different result because the record does not disclose the formal entry of a final judgment.  In the state of modern practice[,] it would be inappropriate to attach significance to any such distinction."); *Vavolizza v. Krieger*, 308 N.E.2d 439, 442 (N.Y. 1974) ("[A]n order made upon a motion provides such a 'judgment' as will bar relitigation under the doctrine[] of [r]es judicata . . . so long as the requisites of identity of issue and opportunity to contest are present." (citations omitted)); *Bannon v. Bannon*, 1 N.E.2d 975, 977 (N.Y. 1936) ("The scope of the words []final judgment[], . . . should not be confined to a final judgment in an action.  They may include any judicial decision upon a question of fact or law which is not provisional and subject to change and modification in the future by the same tribunal."); *cf. Lummus Co. v. Commonwealth Oil Refin. Co.*, 297 F.2d 80, 89 (2d Cir. 1961), ("'Finality' in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.").  Courts in the Second Circuit have found that a subsequent claim is barred even where the prior adjudication did not dispose of the previous case.  *See, e.g., Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 487–88 (E.D.N.Y. 1998), *aff'd*, 205 F.3d 1327 (2d Cir. 2000) (finding state court's order terminating restraining order issued in prior divorce action precluded plaintiff-husband's claims against investment manager and explaining that "the fact that the decision was rendered upon an order does not preclude it from having the same effect as a judgment"); *cf. Hennessy v. Cement & Concrete Worker's Union Loc. 18A of Laborer's Int'l Union of N. Am., AFL-CIO*, 963 F. Supp. 334, 338 (S.D.N.Y. 1997) (holding res

10

judicata barred plaintiff's claim which could have been raised in previous state court action that had been dismissed by order, rather than a final judgment, over plaintiff's objection that "res judicata does not bar this action because the order dismissing his state court complaint was not a final judgment, but rather a non-final order that affect[ed] final judgment").

Additionally, "[u]nder New York's transactional approach . . . , once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Josey v. Goord*, 880 N.E.2d 18, 20 (N.Y. 2007) (citation and quotation marks omitted); *see also Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 194 (2d Cir. 2008) (same); *Gordon v. First Franklin Fin. Corp.*, No. 15-CV-775, 2016 WL 792412, at *6 (E.D.N.Y. Feb. 29, 2016) (same); *Toscano v. 4B's Realty VIII*, 921 N.Y.S.2d 882, 883 (App. Div. 2011) (same).

Plaintiff brought a motion in the Divorce Action (the "Divorce Motion") that raised claims against Mr. Kassenoff and Dimopoulos for violations of the ECPA and N.Y. Penal Law § 250 that are largely identical to the claims she asserts before this court. (*See* Defs' Mem. Ex. 2 ("Divorce Mot.") 12–14 (Dkt. No. 31-4).) The factual allegations in the Divorce Motion also mirror those in Plaintiff's Complaint in all relevant respects. (*Compare* Divorce Mot. 3–6 *with* Compl. ¶¶ 8–32.)[4]

On July 11, 2020, the County Court issued a 35-page decision and order that denied Plaintiff's motion. (*See* Defs' Mem. Ex. 3 ("County Court Decision") (Dkt. No 31-6).) The County Court made findings of fact and, as relevant here, held:

> [t]he wife's assertions that her husband's accessing and taking photographs of her text messages violated the [ECPA and N.Y. Penal Law § 250] are wholly without

---

[4] Plaintiff also filed a reply brief in support of her motion that expanded on her arguments that Mr. Kassenoff and Dimopoulos had violated the ECPA and N.Y. Penal Law § 250. (*See* Defs' Mem. Ex. 10 at 2–4 (Dkt. No. 31-20).)

merit. The ECPA creates criminal sanctions against a person who "intercepts" electronic communications. The interception must occur contemporaneously with the transmission of the communications. Similarly, Courts interpreting New York's eavesdropping statute have found that it applies to the interception of communications being transmitted and not to stored communications.

Here, there is no evidence the subject text messages were contemporaneously intercepted during transmission. The husband says he accessed the text messages by opening the family's shared laptop and taking a photograph of the messages. The wife's assertion that she had a reasonable expectation of privacy in the subject text messages is equally without merit since the text messages were sent to a laptop regularly used by the husband and were accessible to him on that laptop. Also, while the parties differ as to the reason why the wife gave her Apple ID and password to the husband some years before this action was commenced, the wife admits providing the same to him at some point. During the intervening period between the date the wife gave her Apple ID and password to her husband and June 2019, the wife apparently did not change her password or stop her text messages from being sent to the shared laptop and therefore could not have had a reasonable expectation of privacy regarding the same.

(County Court Decision 28–29 (citations omitted).) Plaintiff appealed the County Court's order to the Appellate Division, Second Department, which issued an opinion on February 15, 2023, affirming the County Court and holding, as relevant here, that "[Plaintiff's] contentions are without merit." (*See* Defs' Mem. Ex. 11 (Dkt. No. 31-22); Letter from Constantine G. Dimopoulos, Esq. to Court (February 15, 2023) Ex. 1 at 2 (Dkt. No. 44-1).)

Defendants argue that res judicata applies because the County Court adjudicated the exact same dispute on the same facts against the same parties and reached a judgment on the merits. (Defs' Mem. 18–21.) The Court agrees. As an initial matter, the County Court, although nominally charged with adjudicating the Divorce Action, was authorized by New York law to also adjudicate interspousal tort claims, such as those that Plaintiff raised in the Divorce Motion. *See Herskovitz v. Klein*, 929 N.Y.S.2d 200 (Table) (Sup. Ct. 2011), *aff'd*, 937 N.Y.S.2d 256 (App. Div. 2012) (noting that parties to a divorce are "'free . . . to join their interspousal tort claims with the matrimonial action and the trial court retains discretion to sever the claims in the

interest of convenience, if necessary'" (alteration in original) (quoting *Xiao Yang Chen v. Fischer*, 843 N.E.2d 723, 727 (N.Y. 2005))). The County Court found that Plaintiff's claims concerning Mr. Kassenoff and Dimopoulos's conduct were meritless after reviewing the briefing by the parties and the factual record. (*See* County Court Decision 28–29.) Thus, the Court agrees that res judicata bars Plaintiff's Action. *See Spitzer*, 894 N.E.2d at 12.

Plaintiff raises two challenges, both of which are without merit.[5] First, Plaintiff argues that an order from an ongoing matrimonial proceeding is not a final judgment, so res judicata does not apply. (Pl's Opp'n at 11–12.) However, the cases Plaintiff cites in support of her position are inapposite, as they dealt with factually distinguishable circumstances. *See Bannon*, 1 N.E.2d at 977–79 (holding that referee's preliminary determination that plaintiff in a divorce action was not married to defendant was not a decision entitled to res judicata in determining whether plaintiff was entitled to spousal support during pendency of the same divorce action); *Flournoy v. Flournoy,* 588 N.Y.S.2d 729, 730–31 (Sup. Ct. 1992) (finding daughter of wife could not enforce interim spousal support award where wife had died and divorce action had been abated by the trial court).[6] Moreover, New York courts and courts in the Second Circuit have found an order to have preclusive effect even where the order itself is not a final judgment in the action. *See, e.g., Vavolizza*, 308 N.E.2d at 442 ("[A]n order made upon a motion provides such a 'judgment' as will bar relitigation under the doctrine[] of [r]es judicata . . . so long as the

---

[5] Plaintiff additionally argues that res judicata should not apply because the County Court could not have bound Dimopoulos. (Pl's Opp'n 12.) However, as the Court has already noted, Plaintiff did raise claims against Dimopoulos in the Divorce Action. (Divorce Mot. 1.) Even if Dimopoulos had not been named in the previous suit, "res judicata is typically available to a newly named defendant when the facts in an earlier case are the same and were known to [a] [p]laintiff." *Dellutri v. Vill. of Elmsford*, 895 F. Supp. 2d 555, 561–62 (S.D.N.Y. 2012).

[6] The Court notes that Plaintiff's argument is belied by her own decision to appeal the County Court's order to the Second Department, which indicates to this Court that she believed that the order was a final adjudication on the merits of these claims.

requisites of identity of issue and opportunity to contest are present." (citations omitted)); *Vasile*, 20 F. Supp. 2d at 487–88 (finding state court's order terminating restraining order issued in prior divorce action precluded plaintiff-husband's claims against investment manager and explaining that "the fact that the decision was rendered upon an order does not preclude it from having the same effect as a judgment").  The Court sees no reason to reject that precedent here.

Plaintiff next argues that the County Court's order does not have preclusive effect because the County Court could not grant Plaintiff all of the relief that she sought.  (Pl's Opp'n 13–14.)  However, Plaintiff does not identify what relief the County Court could not have granted her that she seeks in this case.  Instead, Plaintiff points out that the County Court could not have convened a jury trial to adjudicate her ECPA claim.  (*Id*.)  Plaintiff does not provide, and the Court is not aware of, any authority that construes the availability of a jury trial as a form of relief relevant to whether a subsequent proceeding is barred by res judicata based on a ruling on a motion.  The cases Plaintiff does cite are inapposite, as they address situations where the limitations on a party's ability to seek a form of relief or raise a claim in the first instance in a prior proceeding meant that res judicata did not arise.  *See Davidson v. Capuano*, 792 F.2d 275, 282 (2d Cir. 1986) (holding that plaintiff's prior Article 78 proceeding in state court did not bar subsequent federal civil rights action because New York statute prohibited plaintiff from seeking damages in the Article 78 proceeding);  *McLearn v. Cowen & Co.*, 397 N.E.2d 750, 752 (N.Y. 1979), *on reargument*, 455 N.E.2d 1256 (N.Y. 1983) (finding that res judicata barred plaintiff's claim but noting, in dicta, that "[t]he only basis on which the present [state] claim would not now be precluded would be that plaintiff[]'s present common-law claim could not have been asserted in the [f]ederal action").

Because Plaintiff's claims under the SCA and New York common law arise out of the exact same series of transactions as Plaintiff's claims under the ECPA and N.Y. Penal Law § 250, these claims are also barred by res judicata. *See Fifty CPW Tenants Corp. v. Epstein*, 792 N.Y.S.2d 58, 59 (App. Div. 2005) ("Under New York's transactional approach to res judicata issues, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" (quoting *O'Brien v City of Syracuse*, 54 N.Y.2d 353, 357–58 (N.Y. 1981))); *Marinelli Assocs. v. Helmsley-Noyes Co.*, 705 N.Y.S.2d 571, 574 (App. Div. 2000) ("Pursuant to [the transactional] approach, the doctrine bars not only claims that were actually litigated but also claims that could have been litigated, if they arose from the same transaction or series of transactions."). Plaintiff's requests for forms of relief not raised in her motion in the Divorce Action are similarly barred. *See Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 265 (2d Cir. 1997) ("New York's 'transactional approach to res judicata, bar[s] a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief.'" (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

III.  Conclusion

For the above reasons, the Court grants Defendants' Motion To Dismiss.  The Clerk of

Court is respectfully requested to terminate the pending Motion. (*See* Dkt. No 28.)

SO ORDERED.

Dated:   March 27, 2023
             White Plains, New York

_____
                   KENNETH M. KARAS
                   United States District Judge

16

## CERTIFICATION OF SERVICE

I hereby certify that on April 26, 2023 a copy of foregoing was filed electronically and served electronically by e-mail upon:

> Allen Kassenoff,
> Constantine G. Dimopoulos, and
> Dimopoulos Bruggemann, P.C.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Harold R. Burke*
Harold R. Burke (hb0149)
Law Offices of Harold R. Burke
P.O. Box 4078
Greenwich, CT 06830
Telephone:  (203) 219-2301
Facsimile:  (203) 413-4443
E-Mail:       hrb@burke-legal.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
CATHERINE KASSENOFF,

                             Plaintiff,

               -against-                              22 **CIVIL** 2162 (KMK)

                                                  **JUDGMENT**

ALLAN KASSENOFF, CONSTATINE G.
DIMOPOULOS, AND DIMOPOULOS
BRUGGEMANN PC,

                              Defendants.
-----------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Opinion and Order dated March 27, 2023, Defendants' motion to dismiss is

granted; accordingly, the case is closed.

**Dated:** New York, New York

     March 28, 2023

                                            **RUBY J. KRAJICK**

                                     _____

                                          **Clerk of Court**

            **BY:**       K. Mango

                                          _____

                                          **Deputy Clerk**

UNITED STATES COURT OF APPEALS
FOR THE
SECOND CIRCUIT

CATHERINE KASSENOFF     )
              )
     PLAINTIFF - APPELLANT )
              )
V.             )  DOCKET NO. 23-725
              )
ALLAN KASSENOFF, et al.    )
              )
              )
     DEFENDANTS - APPELLEES )  May 11, 2023

**ADDENDUM "B" TO PREARGUMENT STATEMENT**

   1.  <u>Proposed Issues to Raised on Appeal</u>: In *Kassenoff v. Kassenoff*, a pending divorce proceeding, the New York Supreme Court Matrimonial Part (Westchester) issued an order and decision denying Plaintiff's motion to enjoin the use of electronic communications obtained by Defendant, Allan Kassenoff. The trial court had earlier declined Plaintiff's requests for discovery on the issues of interception and consent and did not conduct an evidentiary hearing with respect to any disputed issue of fact; the decision was rendered "on the papers". Plaintiff subsequently filed a federal action seeking damages for violations of 18 U.S.C. § 2510, the Wiretap Act. Defendants' moved for dismissal on the basis of res judicata and collateral estoppel, which the District Court granted after applying New York law.

   Did the district court properly apply New York law with respect to res judicata and collateral estoppel given that Plaintiff was deprived of her right to due process in the state court proceeding? More specifically, if a state court litigant is not permitted

discovery and an evidentiary hearing is not conducted to ascertain contested issues of

fact, is that state court decision binding upon a federal court?

    2.      Standard of Review:   A dismissal by a district court pursuant to Fed. R.

Civ. P. 12(b)(6) is reviewed *de novo.*

CATHERINE KASSENOFF

By _____
        Harold R. Burke (HB0149)
        Law Offices of Harold R. Burke
        P.O. Box 4078
        Greenwich, CT 06831
        Telephone:  (203) 219-2301
        Facsimile:  (203) 413-4443
        E-Mail:  hrb@burke-legal.com